GERTRUDE B. WHITTEMORE, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 8518. Promulgated February 28, 1927.

*Nelson S. Spencer, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency of
$3,553.11 in income tax for the calendar year 1919 arising, to the
extent of the amount in controversy, from the addition by the Com-
missioner to the selling price of certain real estate of the sum of
$9,666.67 for depreciation which had not been taken by the petitioner
in any income-tax return during her ownership of the property.

### FINDINGS OF FACT.

The petitioner is a resident of Naugatuck, Conn. In 1919 she sold
a parcel of real estate for $175,000, on which sale she paid a com-
mission of $3,500. The gross proceeds of the sale to the petitioner
were $171,500. The property was acquired by devise in 1911. Its
estimated value on March 1, 1913, which was accepted by the Com-
missioner, was $170,000. To the profit of $1,500, based upon that
value, the petitioner in her return added an item of depreciation of
$2,000 claimed and allowed in her return for 1918. The Commis-
sioner added to the $3,500 further items of depreciation computed by
him for earlier years, not taken by the petitioner in any income-tax
return, amounting to $9,666.67, thus determining a profit of $13,-
166.67. In each year since 1913 the petitioner has paid a tax on her
income, not deducting therefrom, except in 1918, any amount for
depreciation of said real estate.

### OPINION.

MORRIS: The question raised by the petitioner has previously been
considered by us and decided adversely to petitioner's contention.
*Appeal of Even Realty Co.*, 1 B. T. A. 355. After the decision of
the Court of Claims in *Ludey* v. *United States*, 61 Ct. Cls. 126, which
is cited in the petitioner's brief, we again carefully considered the
question, and reached the conclusion, although reluctantly disagreeing
with the opinion of the above court, for which we have the greatest
respect, that, in determining gain or loss upon the sale of depreciable
property, due allowance must be made for depreciation whether or
not deductions therefor had been taken by the taxpayer in prior
years. *Appeals of Cotton Concentration Co.*, 4 B. T. A. 121; *Capital
City Investment Co.*, 4 B. T. A. 933, and *Island Line Shipping Co.* v.
*Commissioner*, 4 B. T. A. 1055.

*Judgment will be entered for the respondent.*